Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>AT EMERALD,<br><br>   Debtor.<br>_____/ | CASE NO.   BK-N-14-50331-BTB<br>CHAPTER   7 |
| JERI COPPA-KNUDSON, TRUSTEE FOR THE CHAPTER 7 ESTATE OF AT EMERALD, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>KENMARK VENTURES, LLC, MILLER MORTON CAILLAT & NEVIS LLP,<br><br>   Defendants.<br>_____/ | Adv. No. _____<br><br>**COMPLAINT** |

Jeri Coppa-Knudson, chapter 7 trustee for the estate of AT Emerald, LLC, Plaintiff in this proceeding, as and for her complaint against Defendants Kenmark Ventures, LLC, and Miller, Morton, Caillat & Nevis, LLP, alleges as follows:

## **JURISDICTION**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), and Local Rule 1001(b)(1). Venue is proper in this Court by reason of

28 U.S.C. § 1409.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(H).

3. In accordance with F.R.Bankr.P. 7008 and LR 7008, Plaintiff consents to the entry by this Court of a final order or judgment.

## PARTIES

4. Plaintiff is the duly appointed and acting chapter 7 trustee for the estate of AT Emerald, LLC ("AT Emerald"). Pursuant to 11 U.S.C. § 323, Plaintiff is the representative of the estate and has the capacity to sue and be sued.

5. Plaintiff is informed and believes and thereon alleges that Kenmark Ventures, LLC ("Defendant Kenmark"), is a California limited liability company.

6. Plaintiff is informed and believes and thereon alleges that Miller, Morton, Caillat & Nevis ("Miller Morton") is a California limited liability partnership.

## FACTUAL ALLEGATIONS

7. On or about October 25, 2007, Electronic Plastics, LLC and Anthony Thomas ("Thomas") executed a secured Demand Note in the amount of $3,000,000 ("Kenmark Note") payable to Defendant Kenmark. The Kenmark Note was executed by Tony Thomas as the manager of Electronic Plastics, LLC and in his individual capacity. A copy of the Kenmark Note is attached as an Exhibit to Proof of Claim 7-1 filed in the underlying chapter 7 case by Defendant Kenmark on June 12, 2014. AT Emerald was not named as a Maker and the Kenmark Note was not executed by anyone purporting to act on behalf of AT Emerald.

8. On or about October 25, 2007, Anthony Thomas as Maker, executed a Security Agreement ("Kenmark Security Agreement") in favor of Defendant Kenmark. The collateral under the Kenmark Security Agreement was purportedly an uncut emerald weighing more than 21,000 karats then "in the possession of Shawn Milligan, who is an agent of the Secured Party". The Kenmark Security Agreement was executed by Tony Thomas individually as the Maker and by Kenneth S. Tiersini in his capacity as Manager of Defendant Kenmark. A copy of the Kenmark Security Agreement is attached as an Exhibit

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

2

to Proof of Claim 7-1 filed in the underlying chapter 7 case by Defendant Kenmark on June 12, 2014.  AT Emerald was not named as a Maker and the Kenmark Security Agreement Note was not executed any anyone purporting to act on behalf of AT Emerald.

9. Subsequently, Electronic Plastics, LLC and Thomas defaulted on the obligation represented by the Kenmark Note and Defendant Kenmark filed a civil action against Thomas individually in the Superior Court, State Of California, In And For The County Of Santa Clara, case 1-08-CV-130677 ("Kenmark Civil Action").  Defendant Kenmark did not name AT Emerald as a defendant in the Kenmark Civil Action.

10. On or about July 20, 2009, Thomas and AT Emerald, LLC ("AT Emerald") filed a cross complaint against Kenmark.

11. On August 17, 2009, Kenmark filed a cross complaint against AT Emerald for declaratory relief.  On August 24, 2009, AT Emerald filed an answer to the cross complaint filed by Kenmark.

12. On October 5, 2011, after two days of trial, the parties in the Kenmark Civil Action entered into settlement discussions with presiding Judge Leslie Nichols.  The terms of the resulting settlement agreement ("Settlement Agreement") were recited in record and agreed to by the parties.  A copy of the transcript of the proceedings is attached as an exhibit to Proof of Claim 7-1 filed in the underlying chapter 7 case by Defendant Kenmark on June 12, 2014.

13. Under paragraph three of the Settlement Agreement, Defendants were required to pay Defendant Kenmark a total of $5,000,000 with the first installment of $500,000 to be paid on or before January 1, 2013.

14. Under the terms of the Settlement Agreement as recited on the record before Judge Nichols, Anthony Thomas purported to bind AT Emerald for an obligation owed by him individually and by Electronic Plastics, LLC.

15. In January 2014, Defendant Kenmark, by and through its legal counsel, Defendant Miller, Morton, Caillat & Nevis, prepared a Stipulation For Judgment And [Proposed] Judgment ("Stipulation For Judgment").  A copy of the Stipulation For Judgment

1  And [Proposed] Judgment is attached as Exhibit E to Proof of Claim 7-1 filed in the
2  underlying chapter 7 case by Defendant Kenmark on June 12, 2014.
3       16. The Stipulated Judgment recites, *inter alia*, that :
4           Whereas, the Settlement, among other things, required Defendants Thomas
            and Gardner, jointly and severally to pay Kenmark a total of $5,000,000, …
5           and
6           Whereas, the Settlement provides that upon the failure of Defendant's
            Thomas and Gardner to pay any settlement payment , Kenmark may obtain
7           entry of judgment against Defendants Thomas and Gardner, jointly and
            severally, on Kenmark's Fourth Cause of Action for Fraud and Fifth Cause of
8           Action for Fraud, … and
9           Whereas, Defendant Thomas has promised to pay $575,000 toward the
            stipulated settlement amount on or before January 30, 2014.
10
11      17. Kenmark's Fourth Cause of Action was for Fraud - Intentional
12 Misrepresentation against Thomas, Electronic Plastics and Michael Gardiner.  Kenmark's
13 Fifth Cause of Action was for Fraud - Misrepresentation and Suppression Of Facts against
14 Thomas, Electronic Plastics and Michael Gardiner.
15      18. The [Proposed] Stipulated Judgment was executed in January 2014 by Kenneth
16 Tiersini as managing member of Defendant Kenmark and by Anthony Thomas individually.
17      19. The Stipulated Judgment fails to includes any reference whatsoever to AT
18 Emerald.
19      20. The Stipulated Judgment was approved by the Superior Court and entered on
20 October 8, 2015.
21      21. On or about January 18, 2013, John Beach, as trustee of the Beach Living Trust
22 (the "Beach Trust"), caused $500,000 to be wired ("Beach Transfer") to AT Emerald's
23 Wells Fargo Bank account # ******6516 ("Account 6516").
24      22. That same day, January 18, 2013, Anthony Thomas issued check no. 1001 on
25 Account 6516 in the amount of $500,000 payable to Defendant Kenmark Ventures, LLC and
26 Defendant Miller, Morton, Caillat & Nevis, LLP.  Check no. 1001 was subsequently
27 deposited into an account owned by Defendant Miller, Morton, Caillat & Nevis, LLP.
28 ///

23. Plaintiff is informed and believes and thereon alleges that AT Emerald did not receive, nor did it benefit from, the monies originally loaned by Defendant Kenmark to Electronic Plastics, LLC and Anthony Thomas under the terms of the Kenmark Note.

24. Plaintiff is informed and believes and thereon alleges that there is no enforceable judgment against AT Emerald because Kenmark failed to include AT Emerald as a judgment debtor in the Stipulated Judgment.

25. Anthony Thomas and Wendi Thomas filed their individual chapter 11 petition on March 4, 2014. The chapter 11 was converted to chapter 7 on August 29, 2014.

26. AT Emerald filed its chapter 11 petition on March 4, 2014. The chapter 11 case was converted to chapter 7 on August 29, 2014.

## FIRST CLAIM FOR RELIEF
### 11 U.S.C. § 548(a)(1)(A)

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully stated herein.

28. Plaintiff is informed and believes and thereon alleges that in January 2013, AT Emerald was insolvent.

29. The Trustee is informed and believes and thereon alleges that the transfer of $500,000 to Defendants Kenmark Ventures, LLC, and Miller, Morton, Caillat & Nevis, LLP was for the benefit of an insider, Anthony Thomas, and was done with the actual intent to hinder, delay and defraud creditors, including the Beach Trust.

## SECOND CLAIM FOR RELIEF
### 11 U.S.C. § 548(a)(1)(B)

30. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully stated herein.

31. Plaintiff is informed and believes and thereon alleges that in January 2013, AT Emerald was insolvent.

32. The Stipulated Judgment executed in January 2014 by Kenmark's representative Kenneth Tersini recites:

> If payment of $550,000 is not received by Kenmark on or before January 30, 2014, judgment shall hereby be entered in favor of Plaintiff Kenmark Ventures, LLC against Defendants Anthony Thomas jointly and severally with Defendant Michael Gardner [sic], on Kenmark's Fourth Cause of Action for Fraud and Fifth Cause of Action for Fraud in the principal sum of $4,500,000 (four million five hundred thousand dollars) together with interest in the judgment thereafter at the rate of 10% per annum as provided by law.

33. The Trustee is informed and believes and thereon alleges that the transfer of $500,000 from AT Emerald's account to Defendants Kenmark Ventures, LLC, and Miller, Morton, Caillat & Nevis, LLP, was made for less than a reasonably equivalent value in exchange for the transfer.

34. The Trustee is informed and believes and thereon alleges that AT Emerald became insolvent as a result of the transfer of $500,000 to Defendants Kenmark Ventures, LLC, and Miller, Morton, Caillat & Nevis, LLP.

35. The Trustee is informed and believes and thereon alleges that AT Emerald was engaged in business for which any property remaining with AT Emerald was an unreasonably small capital.

36. The Trustee is informed and believes and thereon alleges that the transfer of $500,000 to Defendants Kenmark Ventures, LLC, and Miller, Morton, Caillat & Nevis, LLP was for the benefit of an insider, Anthony Thomas.

### **THIRD CLAIM FOR RELIEF**

11 U.S.C. § 550

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully stated herein

38. If the Court avoids the transfer of $500,000 to Defendants Kenmark Ventures, LLC, and Miller, Morton, Caillat & Nevis, LLP she is entitled to recover the $500,000 from the Defendants or from any immediate or mediate transferee of Defendants according to proof.

///

///

///

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1   Wherefore, Plaintiff prays for judgment against Defendants Kenmark Ventures,
2  LLC, and Miller, Morton, Caillat & Nevis, LLP avoiding the transfer by AT Emerald of
3  $500,000 and requiring payment to Plaintiff of $500,000 and such other and further relief as
4  is just.
5      DATED: March 3, 2016.
6                                          **HARTMAN & HARTMAN**
7
8                                          /S/ Jeffrey L. Hartman
                                           Jeffrey L. Hartman, Esq.
                                           Attorney for Jeri Coppa-Knudson,
9                                          Trustee